# MANDATE

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand fifteen.

Present:

Rosemary S. Pooler,
Gerard E. Lynch,
Denny Chin,
        *Circuit Judges.*

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | : | |
| | : | No. 15-1871 |
| *Petitioner,* | : | |
| v. | : | |
| | : | Board Case Nos.: |
| THE DISTRICT COUNCIL OF NEW YORK CITY AND | : | 02-CB-130379 |
| VICINITY OF THE UNITED BROTHERHOOD OF | : | 02-CB-131944 |
| CARPENTERS AND JOINERS OF AMERICA | : | 02-CB-137341 |
| | : | |
| *Respondent.* | : | |

## JUDGMENT ENFORCING AN ORDER OF THE
## NATIONAL LABOR RELATIONS BOARD

THIS CAUSE was submitted upon the application of the National Labor Relations Board for entry of a consent judgment against Respondent, The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, their officers, agents, successors, and assigns, enforcing its order dated June 4, 2015, in Case Nos. 02-CB-130379, 02-CB-131944 and 02-CB-137341, and upon the record in that proceeding, certified and filed in this Court enforcing the order.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by the United States Court of Appeals for the Second Circuit that the order of the National Labor Relations Board be, and the same is hereby enforced; and that the

Respondent, The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, their officers, agents, successors, shall abide by and perform the directions of the Board set forth in its order. (See Attached Order and Appendix)

Mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2

# NATIONAL LABOR RELATIONS BOARD

v.

# THE DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY
OF THE
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

## ORDER

The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, New York, New York, its officers, agents, and representatives, shall

1. Cease and desist from

   (a) Attempting to cause and causing Tutor Perini Building Corporation, Pinnacle Industries II, LLC, and any other employer to discharge or otherwise discriminate against O'Neal Woods or any other employees because they are not members of the Union or for reasons other than the failure to tender uniformly required initiation fees and periodic dues.

   (b) Attempting to cause and causing Tutor Perini Corporation and any other employer to fail to consider for hire, fail to hire, or otherwise discriminate against O'Neal Woods or any other employees because they are not members of the Union or for reasons other than the failure to tender uniformly required initiation fees and periodic dues.

   (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

   (a) Within 14 days from the date of the Board's Order, notify Tutor Perini Building Corporation, Tutor Perini Corporation, and Pinnacle Industries 11, LLC, in writing, that it has no objection to their employment of O'Neal Woods. Notify O'Neal Woods, in writing, that it has so informed these companies.

   (b) Within 14 days from the date of this Order, make O'Neal Woods whole, with interest, for any loss of earnings he may have suffered as a result of

the alleged discrimination against him in the following agreed-upon, apportioned amounts:

| Backpay | Interest | Fringe Benefits | Excess Tax |
|---------|----------|-----------------|------------|
| $9072.50 | $137 | $8254 | $36.50 |

If Tutor Perini Building Corporation or Tutor Perini. Corporation, under their settlement agreements with the Regional Director for Region 2, does not comply with their apportioned make whole remedies, and after the Regional Director has made reasonable efforts to obtain compliance, the Respondent agrees to be jointly and severally liable for the entire amount as follows:

| Backpay | Interest | Fringe Benefits | Excess Tax |
|---------|----------|-----------------|------------|
| $28,664 | $428 | $25,794 | $114 |

(c) Within 14 days from the date of this Order, remove from its records any reference to the alleged unlawful discharge of O'Neal Woods by Tutor Perini Building Corporation on or about June 5, 2014, Pinnacle Industries II, LLC on or about September 18, 2014, and the unlawful failure to consider for hire or failure to hire by Tutor Perini Corporation on or about June 25, 2014, and notify him in writing that this has been done and that evidence of said discharge, failure to hire, and failure to consider for hire will not form a basis, in whole or in part, for future action against him. Ask Pinnacle to remove from its files any reference to the alleged unlawful discharge of O'Neal Woods and notify Woods that this has been done.

(d) Within 14 days of service by the Region, post at its business office copies of the attached notice, marked "Appendix A." Copies of the notice, on forms provided by the Regional Director for Region 2, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and shall be maintained by it for 60 consecutive days thereafter, in conspicuous places where notices to employees and members customarily are posted. Further, if the Respondent maintains bulletin boards at the facilities of Tutor Perini Building Corporation, Tutor Perini Corporation, and Pinnacle Industries

2

11, LLC, where the unfair labor practices occurred, the Respondent shall also post the notice on each such bulletin board during the posting period. The Respondent shall take reasonable steps to ensure that the notices are not altered, defaced, or covered by any material. If the Respondent does not maintain bulletin boards at the facilities of Tutor Perini Building Corporation, Tutor Perini Corporation, and Pinnacle Industries 11, LLC, where the alleged unfair labor practices occurred, the Respondent shall send a copy of the notice to Pinnacle Industries 11, Tutor Perini Building Corporation, and Tutor Perini Corporation, and request that said companies post the notice in prominent places in their facilities for 60 consecutive days from the date of posting.

(e) Within 21 days after service by the Region of the notice, file with the Regional Director for Region 2 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

# APPENDIX A

## NOTICE TO EMPLOYEES AND MEMBERS

## POSTED BY ORDER OF THE
## NATIONAL LABOR RELATIONS BOARD
### An Agency of the United States Government

PURSUANT TO A STIPULATION PROVIDING FOR A BOARD ORDER
AND A CONSENT JUDGMENT OF ANY APPROPRIATE
UNITED STATES COURT OF APPEALS

**FEDERAL LAW GIVES YOU THE RIGHT TO:**
Form, join, or assist a union;
Choose representatives to bargain with us on your behalf;
Act together with other employees for your benefit and protection;
Choose not to engage in any of these protected activities.

**WE WILL NOT** do anything to prevent you from exercising the above rights.
**WE WILL NOT** cause or attempt to cause Tutor Perini Building Corporation, Pinnacle Industries 11, LLC, or any other employer to discharge or otherwise discriminate against O'Neal Woods or any other employees because they are not members of The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("the Union") or for reasons other than the failure to tender uniformly required initiation fees and periodic dues.
**WE WILL NOT** cause or attempt to cause Tutor Perini Corporation or any other employer to fail to consider for hire, fail to hire, or otherwise discriminate against O'Neal Woods or any other employees because they are not members of the Union or for reasons other than the failure to tender uniformly required initiation fees and periodic dues.
**WE WILL NOT** in any like or related manner restrain or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
**WE WILL** notify Tutor Perini Building Corporation, Tutor Perini Corporation, and Pinnacle Industries II, LLC that we have no objection to the employment of O'Neal Woods.
**WE WILL,** jointly and severally with Tutor Perini Building Corporation and Tutor Perini Corporation, make O'Neal Woods whole, with interest, for any loss of pay or benefits he may have suffered as a result of his discharge at our request by Tutor Perini Building Corporation and Pinnacle Industries II, LLC.

**WE WILL,** jointly and severally with Tutor Perini Building Corporation and Tutor Perini Corporation, make O'Neal Woods whole, with interest, for any loss of pay or benefits he may have suffered as a result of Tutor Perini Corporation's failure to hire him at our request.

**WE WILL** remove from our files any reference to the alleged unlawful discharge, failure to hire, and failure to consider for hire O'Neal Woods, and we will notify him in writing that this has been done and that the discharge, failure to hire, and failure to consider for hire will not be used against him in any way.

**WE WILL** ask Tutor Perini Building Corporation, Tutor Perini Corporation, and Pinnacle Industries II, LLC to remove from its files any reference to the alleged unlawful discharge of O'Neal Woods, or alleged unlawful failure to hire or consider for hire O'Neal Woods, and we will notify him in writing that this has been done.

**WE WILL,** jointly and severally with Tutor Perini Building Corporation and Tutor Perini Corporation, compensate O'Neal Woods for the adverse tax consequences, if any, of receiving a lump-sum backpay~award.

### THE DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

The Board's decision can be found at www.nlrb.gov/case/02-CB-130379 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1099 14th Street, N.W., Washington, D.C. 20570, or by calling (202) 273-1940.



A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

2